IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50331
Summary Calendar
_____

RUSSELL MORTLAND,

Plaintiff-Appellant,

versus

STARTRAN, INC.; CAPITAL METROPOLITAN
TRANSPORTATION AUTHORITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-717
_____

December 8, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Russell Mortland argues that the district court erred by dismissing his Rule 60(b) motions and by granting the defendants' summary judgment motion, which thereby dismissed his claims of retaliatory discharge under the Family Medical Leave Act ("FMLA") and the Texas Labor Code. We have reviewed the record, the opinion of the district court, and the briefs, and find, substantially for the reasons relied upon by the district court, that the district court's rulings on these motions were proper.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mortland filed two motions, which the district court classified as Rule 60(b) motions: (1) a motion for extension of time; and (2) a motion for reconsideration of the district court's order granting defendants' summary judgment motion. Both motions sought relief based upon the failure of Mortland's counsel to timely file an opposition to the defendants' summary judgment motion, which counsel alleged was due to her paralegal's oversight, and the fact that counsel was moving her offices from Austin to San Antonio.

The negligence or carelessness of a client's lawyer, such as missing deadlines, does not constitute excusable neglect under Rule 60(b)(1). Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993). Accordingly, the district court did not abuse its discretion in denying Mortland's Rule 60(b) motions.

With respect to Mortland's claim of retaliatory discharge under FMLA, a plaintiff must establish (1) that he engaged in protected activity, (2) that he suffered an adverse employment decision, and (3) that a causal connection existed between the protected activity and the adverse employment decision. Chaffin v. Carter Co., Inc., 179 F.3d 316, 319 (5th Cir. 1999). Once the plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a legitimate,

non-discriminatory reason for its actions. Id. If the employer carries this burden, the presumption created by the prima facie case is rebutted. Id. "To defeat summary judgment, the plaintiff must produce substantial probative evidence that the proffered reason was not the true reason for the employment decision and that the real reason was the plaintiff's participation in the protected activity." Id. This court reviews a grant of summary judgment *de novo*. Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994).

The summary judgment evidence presented by the defendants indicates that Mortland took 16 workweeks off during the October 1995 through October 1996 period, and because FMLA only allows an employee to take 12 workweeks off in a 12-month period, Mortland's claim cannot arise under FMLA. As Mortland did not timely file an opposition to defendants' summary judgment motion, the court's reliance on the attendance records and the defendants' interpretation of those records was proper. For the same reasons, the court's conclusion that the defendants had presented uncontroverted evidence that the reasons for Mortland's termination were insubordination and failure to properly report off work was proper.

Finally, the two affidavits supporting the defendants' summary judgment motion attest that Mortland was not terminated because of previously filed grievances. The court could therefore properly conclude, based upon the *uncontroverted* summary judgment evidence, that Mortland had not established a causal connection between

Mortland's worker's compensation claim and his termination. Burfield v. Brown, Moore & Flint, Inc., 51 F.3d 583, 589 (5th Cir. 1995).

For the reasons stated herein, the judgment of the district court is

A F F I R M E D.